GRAVOIS, J.
| defendant, Arturio Rodriguez, appeals his conviction and sentence resulting from a guilty plea to carnal knowledge of a juvenile. His appointed appellate counsel has filed a brief in conformity with the procedure outlined in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as counsel of record for defendant. After thorough review of the record, we agree with counsel’s assessment of the case and accordingly grant the motion to withdraw. We also affirm defendant’s conviction and sentence.
PROCEDURAL HISTORY
On April 27, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant, Arturio Rodriguez, with carnal knowledge of a juvenile in violation of La. R.S. 14:80.[1] Defendant pled not guilty at his arraignment on May 5, 2011. On June 3, 2011, defendant filed omnibus motions that were set for a hearing, but were never heard. On August 12, 2014, defendant withdrew his not guilty plea and pled guilty as charged.[2] That *1190 same date, the trial court sentenced defendant to ten years imprisonment at hard labor, to run concurrently with any other sentence defendant might be serving. Defendant was bordered to register as a sex offender for fifteen years and to comply with the requirements of registration and notification pursuant to La. R.S. 15:541.
On June 27, 2016, defendant filed a uniform application for post-conviction relief and requested an out-of-time appeal in district court case number 12-1863, arguing that he was denied a direct appeal. On June 29, 2016, the trial court granted defendant an out-of-time appeal in district court case number 12-1863. Thereafter, on November 10, 2016, upon motion of appellate counsel and after review of the record in 16-KA-606, this Court discovered that defendant’s petition requesting an out-of-time appeal in district court case number 12-1863 also included his instant conviction for carnal knowledge of a juvenile. Accordingly, this Court construed defendant’s petition filed in district court case number 12-1863 to be a timely request for an out-of-time appeal in the instant matter and ordered that the trial court consider and rule, within twenty days of its order, on defendant’s request for an out-of-time appeal on the carnal knowledge of a juvenile conviction. On November 15, 2016, the trial court granted defendant’s motion for an out-of-time appeal. Defendant’s appeal follows.
FACTS
Because defendant pled guilty, the underlying facts were not fully developed at trial. Nevertheless, the State alleged in the bill of information that on or between May 1, 2010 and October 1, 2010, defendant violated La. R.S. 14:80 in that he did commit carnal knowledge of a known juvenile (D.O.B. 9-18-1994), by having consensual vaginal/penile intercourse with the juvenile, who was thirteen years of age or older but less than seventeen years of age, with defendant being nineteen years of age or older, when the victim was not defendant’s spouse. Additionally, during the colloquy, defendant stated that he had sex with a juvenile ex-girlfriend when he was twenty years old in Jefferson Parish. He estimated that the victim was fifteen or sixteen years old. The State provided that it would have proved at | ¡¡trial that defendant was twenty years old and that the victim was fifteen years old, having a date of birth of September 18, 1994.[3]
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford, supra, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, supra, and State v. Jyles, supra, appointed counsel requests permission to withdraw as counsel of record for defendant.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by “ ⅛ brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether ap *1191 pointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every mer-itless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the |4trial record and considered whether any ruling made' by the trial court, subject to the contemporaneous objection rule, had a significant, ádverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant appellate counsel’s motion to withdraw and affirm the defendant’s Conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
ANALYSIS
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel provides that the trial court fully informed defendant of the legal consequences of changing his plea to ■guilty and explained to defendant each of the rights necessary to ensure a knowing and intelligent waiver of those rights. Counsel avers that the trial court advised defendant that he could receive a fine of not more than $5,000.00 and a sentence of ten years at hard labor to run concurrently with any other sentence he was serving. Counsel contends that defendant’was sentenced pursuant to the plea agreement and received ten years at hard labor. Counsel provides that defendant was advised his conviction could not be set aside under La. C.Cr.P. art. 893, and defendant is now restricted by law from appealing his sentence.
Appellate counsel has filed a motion to withdraw as counsel of record for defendant which states that she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal. | ^Counsel asserts that she has notified defendant of the filing of this motion and has advised defendant of his right to file a pro se brief in this appeal. Additionally, this Court notified defendant by certified mail that an Anders brief had been filed and that he had until March 8, 2017 to file a pro se supplemental brief. As of the date of the case’s submission for decision, defendant had not filed a brief with this Court.
The State filed a response to defendant’s appeal, agreeing that counsel has provided a diligent and complete procedural history of the case and found no non-frivolous issues to be raised on appeal. It submits that counsel has conformed with the procedures set forth in. Anders and Jyles. It contends that counsel’s motion to withdraw should be granted, and it believes that there are no discoverable patent errors on the face of the record.
*1192 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offense charged. It also sufficiency identified defendant and the crime charged. See La. C.Cr.P. arts. 464-466. As reflected by the minute entries and the commitment, defendant appeared at each stage of the proceedings against him. As such, defendant’s presence does not present any issues supporting an appeal.
Further, defendant pled guilty as charged to felony carnal knowledge of a juvenile in violation of La. R.S. 14:80. When a defendant .pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Defendant entered an unqualified guilty plea, and therefore, all non-1 ¿jurisdictional defects are waived. No rulings were preserved for appeal under State v. Crosby, 338 So.2d 584 (La. 1976).[4]
A review of the record reveals no irregularities in defendant’s guilty plea. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[5] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
The record shows that defendant was aware he was pleading guilty to carnal knowledge of a juvenile in violation of La. R.S. 14:80. Defendant was properly advised of his Boykin rights. In the waiver of rights form, defendant placed his initials next to a provision indicating that his attorney had advised him of his right to a trial by jury, to confront his accusers, and his privilege against self-incrimination, indicating that he understood he was waiving these rights. During the colloquy with the trial judge, defendant was again informed of these rights. During the colloquy, defendant indicated that he understood that he was waiving these rights.[6]
Defendant stated that he had discussed the matters fully with his attorney and was satisfied with her representation of him. He denied being under the influence of alcohol or any drugs and reported that he was twenty-four years old. He stated that he had completed eleventh grade and knew how to read and write. Defendant acknowledged that he had reviewed and read the waiver of rights form |7with his attorney, understood what he had read, and that his signature appeared on the bottom of the form. He was advised of his right to an attorney, and his right to appeal upon conviction or to appeal his sentence if it was not imposed pursuant to the *1193 plea agreement. The trial judge explained that if defendant pled guilty, he was waiving his right to assert any allegation of defect. Defendant suggested that he understood this.
Defendant specified that he wanted to plead guilty and acknowledged that by doing so, he was admitting that he committed the crime to which he was pleading guilty. Defendant indicated that he believed the plea was in his best interest. Defense counsel stated that she believed that the plea was knowingly, intelligently, freely, and voluntarily entered by defendant and was in his best interest.[7]
Defendant indicated that he understood the nature of the charges against him and the possible penalties and confirmed that neither he nor his family had been forced, intimidated, coerced, threatened, or promised anything for entering his guilty plea. The waiver of rights form reflects that the maximum sentence which the court could impose was ten years with or without hard labor and a $5,000.00 fine. During the colloquy, defendant was informed of the penalty carried by a conviction of carnal knowledge of a juvenile. Specifically, he was informed that felony carnal knowledge of a juvenile was punishable by a fine of not more than $5,000.00, or imprisonment, with or without hard labor, for not more than ten years, or both, and that his conviction would not be set aside or his prosecution dismissed in accordance with La. C.Cr.P. art. 893. Therefore, defendant was advised of the maximum penalty.
|sThe waiver of rights form reflects that defendant would receive “10 yrs concurrent w/ 12-1863 w/ CTS” if the court accepted his plea of guilty. Thus, the waiver of rights form appears silent as to whether defendant’s sentence would be served at hard labor. However, defendant was advised regarding the actual penalty that would be imposed upon acceptance of his guilty plea. During the colloquy, the trial judge advised defendant that if the court accepted his plea of guilty, he would be sentenced to serve ten years at hard labor with the Sentence to run concurrently with any other sentence defendant was serving. The trial judge stated that he was convinced that defendant understood the nature of the charge against him and the possible penalty, found a basis for the plea, and accepted defendant’s plea as knowingly, intelligently, freely, and voluntarily entered, in compliance with La. C.Cr.P. art. 556.1(A)(1).
Defendant’s sentence does not present issues for appeal. His sentence falls within the sentencing range prescribed by the statute. See La. R.S. 14:80. Further, defendant’s sentence was imposed pursuant to and in conformity with the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46; State v. Washington, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. As stated, in the waiver of rights form, defendant was advised that his sentence would be “10 yrs concurrent w/ 12-1863 w/ CTS.” Prior to accepting defendant’s guilty plea, the trial court informed defendant that he would receive a ten-year sentence at hard labor concurrent with any other sentence he was serving. The trial judge *1194 subsequently imposed the sentence as advised. The trial judge failed to specifically order the instant sentence to run concurrently, as specified in the waiver of rights form, with the sentence in district court case number 12-1863 when imposing the sentence. Nonetheless, the trial judge stated Iflthat defendant’s sentence was to be served -concurrently with any' other sentence défendant would be serving. There-' fore, we find that defendánt was sentenced in accordance with the plea agreement.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings- and cannot identify: any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, appellate counsel’s motion to withdraw as attorney of record for defendant is hereby granted.
ERRORS'PATENT REVIEW '
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La. 1975), and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). No errors patent were discovered.
CONCLUSION
For the foregoing reasons, defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw as counsel for defendant is granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED

. The bill of information alleged that the offense occurred on or between May 1, 2010 and October 1, 2010, and defendant pled guilty as charged. During this period, La. R.S. 14:80 was amended to include provisions regarding the sale of personal property used in the commission of the offense. See La. R.S. 14:80(D)(2)(a) and (b); La. Acts. 2010, No, 763, § 1, effective August 15, 2010. These provisions are inapplicable to the instant matter. Moreover, the waiver of rights form indicates that the offense occurred on May 1, 2010, which was before the effective date of the amendment. Additionally, the trial court's colloquy with defendant reflects the date of the offense was on or about May 1, 2010.

. Also on August 12, 2014, defendant entered guilty pleas and was sentenced in district court case number 12-1863 to two counts of *1190 forcible rape and two counts of aggravated burglary. Defendant has also appealed those convictions, which have been docketed in this Court as case number 16-KA-606.

. When informing defendant of the provisions of the carnal knowledge of a juvenile statute, the trial judge stated that the offense occurred on or about May 1, 2010. The waiver of rights form reflects that the offense occurred on May 1, 2010.

.The record indicates that defendant filed several omnibus motions, which do not appear to have been ruled upon prior to the time defendant entered his guilty plea. Nevertheless, defendant waived any argument regarding these outstanding motions by pleading guilty without raising the issue. See State v. Corzo, 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. During the colloquy, defendant also indicated that he reviewed the Notification of Sex Offender document with his attorney, discussed the requirement that he register as a sex offender for fifteen years for his conviction of carnal knowledge of a juvenile, and signed the document.

. In North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the Court held that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.” Although defendant agreed that the plea was in his best interest, he also admitted his guilt in this matter. This is therefore clearly not a guilty plea made pursuant to Alford.